PER CURIAM:
Claimants brought this action to recover for personal injuries and, in the case of Edward Webb, for loss of earnings, resulting from a one-car automobile accident which took place at approximately 3:10 p.m. on December 14, 1988, on West Virginia Route 305, an asphalt-surfaced public road, in Raleigh County, West Virginia, about 0.7 mile north of its intersection with West Virginia Route 54, and about 0.3 mile north of the Lester Volunteer Fire Department building.
At the time and place of the accident the weather was clear, but the road surface, although apparently free of snow and ice resulting from precipitation during the previous night, was still wet. There were no traffic control signs in the immediate vicinity of the scene of the accident. During the previous night, when snow was falling and ice developing on the road surface, the respondent had treated the road with a standard highway surfactant consisting of one part of salt and three parts of limestone gravel, to melt the snow and ice and to provide additional traction for motor vehicles.
At and immediately before the accident, claimant Edward Webb was operating and claimant Bobby Webb was a front seat passenger in a motor vehicle owned by their mother, and the claimants were proceeding northward on Route 305 when he driver saw what he inadequately described but identified as sand and gravel on the pavement, more concentrated in some places than in others, and took measures to control his speed by applying his brakes. The vehicle went out of control and skidded somewhat sideways across the lane used by southbound traffic and across the berm on the westerly side of the road, and struck a projecting two-foot rock about six to eight feet from the pavement, plunging over an embankment and coming to rest on its top some thirty-five feet below the road surface. Complainants undoubtedly received severe personal injuries as a result of the accident.
In their notice of claim Edward Webb and Bobby Webb do not allege that the respondent was negligent, but it is clear from their attorney’s opening statement and the evidence produced in their behalf that they contend that respondent was negligent in permitting hazardous material to accumulate on the highway and that the rock struck their car should not have been permitted by the respondent to remain where it was.
The respondent maintains that it was not negligent, that other and superseding *136 causes produced the incident, and that the negligence of the complainants equaled or exceeded that of the respondent.
“Actionable negligence” is defined as the breach or nonperformance of a legal duty, through neglect or carelessness, resulting in damage or injury to another. Black’s Law Dictionary, 4th ed. 1951.
Respondent has a qualified duty to use reasonable care and diligence in the maintenance of a highway under all circumstances, but the user of a highway travels at his own risk, and the State does not and cannot assure him a safe journey Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
On the record it is uncontradicted that because of snow and ice on the roads in Raleigh County on December 13 and 14, 1988, respondent activated its special crews to treat the road surfaces as necessary, to melt snow and ice, for the protection of travelers, and to keep the roads open for vehicular traffic. The surfactant previously described was spread from trucks in accordance with standard practice, along a number of roads, including West Virginia Route 305 at the scene of the accident, during the night of December 13 and 14 and during the morning of December 14. The last such application at the scene of the accident was made probably not later than 0600 hours on the 14th. Apparently, the pavement remained wet until the time of the accident, probably as the combined effect of precipitation of melting snow and ice. Any accumulation of the surfactant, of the nature surfactant described by the claimants, may be primarily attributed to 1) the movement of the surfactant by melted ice and snow, and 2) the displacement of the surfactant by motor vehicles passing over the treated pavement, over neither of which forces respondent had control and both of which forces claimants, in the exercise of ordinary prudence, might have anticipated. Furthermore, it was not established by the claimants that the respondent was on notice of a dangerous condition on the highway (if any there was), in the absence of which notice, actual or constructive, negligence is not actionable.
The mere application of the surfactant cannot be actionable, because it was the discretionary duty of the respondent to take such measures for the protection of travelers and to keep roads open. State v. Horner, 121 W.Va. 75, 1 S.E.2d 489, (1934). Adkins v. Sims, supra.
Claimants maintain that the rock struck by their vehicle when it was out of control was a cause of their injuries, but in our view the rock was no more of a cause of the accident and the injuries than the nearby trees which the car did not strike. There was no showing that the rock was on the State’s right-of-way, or that anybody had ever requested that it be removed.
Finally, it is contended that respondent was negligent in failing to provide a guardrail along West Virginia Route 305, at the point where the claimants’ vehicle went over the embankment.
The duty of the respondent to erect and maintain guardrails is a discretionary one. *137 Adkins v. Sims, supra, pt. 3 of syllabus by the Court, in the Adkins case, the Court said:
“In the very nature of things, the road commissioner must be permitted a discretion as to where the public money, entrusted to him for road purposes, should be expended, and at what points guardrails, danger signals, and center lines should be provided, and the honest exercise of that discretion cannot be negligence.”
It having been determined by the Court that the respondent committed no act of actionable negligence, no award will be made.
Claim disallowed.